UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Nissim Dahan

          Plaintiff,

**DEMAND FOR JURY TRIAL**

**C.A. No.:** 1:19-cv-23029

-v.-

Chase Bank (USA) N.A.,

          Defendant(s).

## COMPLAINT

Plaintiff Nissim Dahan ("Plaintiff") by and through his attorneys, and as and for his Complaint against Defendants Chase Bank (USA), N.A. ("Chase"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et.seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

## PARTIES

2. Plaintiff is a resident of the State of Florida, County of Miami-Dade, residing at 19390 Collins Ave #527, Sunny Isles Beach, FL, 33160.

3. Defendant Chase Bank (USA), N.A. is a Delaware corporation that can be served in Florida c/o CT Corporation System, 1200 South Pine Island Road, Plantation, Fl, 33324.

1

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

7. On a date better known to the Defendant, a consumer obligation was incurred with Chase Bank.

8. The obligation arose out of transactions in which money, property, insurance or services were primarily used for personal, family or household purposes.

9. The alleged Chase obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

10. Chase is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

11. On information and belief, on a date better known to Defendant Chase, Defendant Chase began calling Plaintiff's cellular telephone, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

12. Defendant Chase placed calls to Plaintiff's cell phone in the manner described previously.

13. On or around May 2018 Plaintiff told Defendant Chase not to contact him on his cellphone and revoked any consent the Defendant Chase may have previously had to call the Plaintiff in this manner.

14. Once Defendant Chase was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

15. Defendant Chase ignored Plaintiff's prior revocation and continued to call his cellular telephone number on a consistent basis.

16. These calls from Defendant Chase to Plaintiff was a collection communication in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

17. As a result of Defendants unfair practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

18. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

19. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

20. Defendants used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

21. Defendants used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

22. Defendants willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## DEMAND FOR TRIAL BY JURY

23. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nissim Dahan demands judgment from Defendants Chase Bank (USA), N.A. as follows:

a) For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

b) For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

c) For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

d) A declaration that the Defendant's practices violated the TCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: July 22, 2019                                       Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Fax: (954) 272-7807
Justin@zeiglawfirm.com
*Attorney for Plaintiff*